UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-20200-CR-O'SULLIVAN

[CONSENT]

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEJANDRO BACKER,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion to Exclude 404(b) Evidence of Prior Sexual Assault Arrest (DE# 22, 5/27/08) and the Government's Motion to Exclude Photograph of Victim (DE# 24, 5/27/08). Having reviewed the applicable filings and the law, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion to Exclude 404(b) Evidence of Prior Sexual Assault Arrest (DE# 22, 5/27/08) and the Government's Motion to Exclude Photograph of Victim (DE# 24, 5/27/08) are **GRANTED** for the reasons set forth below.

1. **Defendant's Motion to Exclude 404(b) Evidence of Prior Sexual Assault Arrest  (DE# 22, 5/27/08)**

The defendant is charged by information with assault of a passenger while on board America Airlines Flight 234, en route from Los Angeles to Miami, in violation of Title 18 United States Code, Section 113(a)(5) and Title 49, United States Code, Section 46506. See Information (DE# 1, 3/12/08). The defendant seeks to exclude

evidence concerning a prior incident which took place at a California amusement park and led to the defendant's arrest for lewd and lascivious acts upon a minor in November 2006 (hereinafter "California incident"). The defendant was later acquitted.

The defendant seeks to exclude this evidence pursuant to Fed. R. Evid. 801 and 404(b). Because the Court finds that the evidence is inadmissible under Rule 404(b), the Court will not address the defendant's hearsay argument.

Rule 404(b) states, in pertinent part, as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

The Eleventh Circuit uses the following three-prong test to determine whether evidence is admissible under Rule 404(b):

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Huddleston[v. United States], 485 U.S. [681,] 689 [(1988)], . . . citing [United States v.]Beechum, 582 F.2d [898,] 912-13 [(5th Cir. 1979)]. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Miller, 959 F. 2d 1535, 1538 (11th Cir. 1992).

The government seeks to introduce evidence of the California incident "to prove the defendant[']s purpose, motive, intent, preparation, plan, knowledge[ ] and absence of mistake or accident in this case." See Government's Response to Defendant's Motion to Exclude Rule 404(B) Evidence (DE# 26 at 4, 6/2/08). The defendant argues that the evidence should be excluded because the California incident and the charged

2

offense are not alike and the probative value of this evidence would be substantially outweighed by undue prejudice.

The Court agrees with the defendant that evidence concerning the California incident should be excluded. The defendant is charged in the instant case with simple assault in violation of Title 18, United States Code, Section 113(a)(5). The government fails to satisfy the first prong: the evidence must be relevant to an issue other than the defendant's character. "For extrinsic offenses to be relevant to an issue other than character, they must be shown to be offenses, and must also be similar to the charged offense." United States v. Veltmann, 6 F. 3d 1483, 1499 (11th Cir. 1993) (citing United States v. Beechum, 582 F. 2d 898, 912 (5th Cir. 1978)) (emphasis in original). The Court finds that the defendant's conduct in the California incident is not sufficiently similar to the charged conduct. The victim in the California incident was a 14-year old minor whereas the victim in the instant case is an adult.[1] Additionally the victim in the California incident accused the defendant of touching her breasts and moving his hands down her waist. Here, the defendant allegedly touched the victim's arm and upper leg.

The Court further finds that evidence concerning the California incident is inadmissible under Fed. R. Evid. 403. Rule 403 allows the Court to exclude otherwise admissible evidence if its probative value is substantially outweighed by the danger of unfair prejudice. The extrinsic evidence that the defendant repeatedly touched a 14-year old's breasts and moved his hands down her waist is highly inflammatory and

---

[1] This case is distinguishable from United States v. Breitweiser, 357 F. 3d 1249 (11th Cir. 2004), where the defendant was charged with, inter alia, simple battery on a minor. In Breitweiser, the extrinsic evidence the government sought to introduce also involved minors.

3

would likely divert the jury's attention from the issues in the instant case. Although, in certain circumstances, the risk of undue prejudice can be reduced through a limiting instruction, United States v. Ramirez, 426 F. 3d 1344, 1354 (11th Cir. 2005), the Court finds that a limiting instruction in the instant case would not be sufficient. The evidence presents a high risk of unfair prejudice. For the foregoing reasons, evidence of the California incident is hereby EXCLUDED from trial.

**2.    Government's Motion to Exclude Photograph of Victim (DE# 24, 5/27/08)**

The government seeks to exclude a photograph depicting the victim in the instant case wearing a short dress. The defendant did not respond to the government's motion. The Court agrees with the government that the photograph's undue prejudice greatly outweighs any probative value under Fed. R. Evid. 403. Therefore, the photograph of the victim referenced in the government's motion is EXCLUDED from trial.

DONE AND ORDERED in Chambers at Miami, Florida this **13th** day of June, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record